### No. 498.

### Goodwell & Webb v. A. F. Minchew.

The attachment in this case was improperly dissolved. The defendant having been sued on an undisputed debt, transferred his plantation upon which he was living, in the fall, before gathering a growing crop, and just as a judgment by default was about to be made final. He transferred it in part payment of a debt due another creditor, and though he received cash enough to discharge the debt sued upon, he failed and refused to apply any part of the money to the payment of the debt; and shortly after this transfer he removed to Texas. These acts authorize the belief that he transferred his property with a fraudulent intent, and justified the attachment.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Turner*, J. *L. B. Watkins, Watkins & Fort*, for plaintiff and appellant. *A. B. George, J. A. Snider*, for defendant and appellee.

LUDELING, C. J. On the fifth of November, 1873, the plaintiffs instituted this suit on a promissory note against the defendant. On the eighteenth day of November, 1873, a default was taken. On the twentieth day of the same month and during the term of the court, the defendant transferred his property to another creditor for about $1600 cash, in part payment of a debt due to him and for two notes due in one and two years. On the twenty-first day of November, the day after this sale, the plaintiffs filed an amended petition praying for an attachment, on the grounds that defendant had sold a part of his property, and they feared and believed he was about to sell the balance thereof, with the intent to give an undue preference to one creditor over another and to defraud the plaintiffs.

The defendant moved to dissolve the attachment on the grounds that the amount of the debt is not sworn to; that the affidavit is made by the attorney, and he swears not to facts within his knowledge but according to the best of his knowledge and belief; and that the allegations in the amended petition are not true. The attachment was dissolved with damages against plaintiffs; judgment was rendered in their favor for the debt.

We think the attachment was improperly dissolved. The amount of the debt was sworn to and the affidavit of the attorney substantially

embraced all the requirements of the law. C. P. 216, 217. The last objection relates to the merits, and we think the evidence shows that the allegations in the amended petition are true.

As already stated the defendant, having been sued on an undisputed debt, transferred his plantation upon which he was living, in the fall, before gathering a growing crop, and just as a judgment by default was about to be made final. He transferred it in part payment of a debt due another creditor, and though he received cash enough to discharge the debt sued upon, he failed and refused to apply any part of this money to the payment of the debt; and shortly after this transfer he removed to Texas.

We think these acts of the defendant justify the opinion that he transferred his property with a fraudulent intent and justified the attachment.

It is therefore ordered that the judgment dissolving the attachment with damages be annulled, and that there be judgment reinstating and recognizing the attachment and ordering the property attached to be sold according to law to satisfy the judgment for the debt in favor of the plaintiffs against the defendant, which is affirmed with costs of appeal.